264 So.2d 189

**John W. NEWBERN, d/b/a Nationwide Advertising Specialty Co. et al.**

**v.**

**STATE of Alabama.**

**3 Div. 45, 45–A, 45–B.**

Court of Civil Appeals of Alabama.

Dec. 22, 1971.

Rehearing Denied Jan. 12, 1972.

M. R. Nachman, Jr., Montgomery, for appellants.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue, and Asst. Atty. Gen., B. Frank Loeb, Asst. Counsel, Dept. of Revenue, and Asst. Atty. Gen., for appellee.

THAGARD, Presiding Judge.

This is an appeal from a final consolidated decree of the Circuit Court of Montgomery County, Alabama, ascertaining the amount of use tax owed by appellants to appellee under three assessments theretofore made by the State Department of Revenue against appellants.

From the assessments, which were made in 1969, appellants appealed to the Circuit Court of Montgomery County, in Equity, which said court in three final decrees dated June 11, 1969, set aside said assessments, whereupon the State appealed to this court. The issues raised on the first appeal to this court went to the jurisdictional, statutory, and constitutional validity of the assessments.

In an opinion released on January 5, 1970, we upheld the assessments and reversed the trial court. Rehearing was denied on January 20, 1970. The original opinion and the opinion denying rehearing are reported in 46 Ala.App., pages 210 and 221, 239 So.2d 780 and 791.

The Supreme Court granted certiorari. In a well reasoned and documented opinion written by Justice Bloodworth, the Supreme Court affirmed that part of the opinion of this court in which we held that the assessments were valid but remanded to us with directions to reverse and remand to the Circuit Court "solely for the purpose of determining and fixing the amount of taxes due." Ex parte Newbern, 286 Ala. 348, 358, 239 So.2d 792, 802.

As directed, we remanded to the Circuit Court with directions to determine the amount of the tax. From the decree determining and adjudging the amount of the tax comes this, the second appeal, in these cases.

For a statement of the facts and our former conclusions of law we refer the reader to our opinion on the former appeal as well as to the opinion of the Supreme Court hereinabove cited.

Appellants have assigned sixteen errors, the first fifteen of which are addressed in one form or another to the alleged error of the trial court in not disregarding the opinion and judgment of this court on the former appeal and of the Supreme Court on certiorari and rendering a decree again nullifying the assessments.

We are now forcefully and persuasively urged by eminent counsel for the appellants to abandon our former position by adjudging the assessments invalid and reversing the trial court for doing what it was directed by this court to do. We have

268

carefully read the excellent briefs furnished us by counsel on both sides; have examined the transcript; and have reached the conclusion that nothing is presented that was not fully tried, considered, and decided on the first appeal, except the issue raised by Assignment of Error No. 16, which charges the court with error in failing to give appellants credit for use tax in the amount of $2,118.72 which was forwarded to appellants by sellers in Alabama and returned by appellants to these sellers, who failed to remit the same to the State Department of Revenue, but, instead, retained the same. We hold that there is no merit in any of the first fifteen assignments of error. We shall now discuss briefly Assignment of Error No. 16.

Since we and the Supreme Court held on the first appeal that the State was within its rights in requiring appellants to collect and remit use taxes on their sales in Alabama failing which they became liable to the State for same, it follows that the State had the option to assess these taxes against the purchasers of the merchandise or to proceed against appellants for failing to collect and remit. Appellants, having failed to collect and remit, the State elected to proceed against appellants. Since appellants were of the opinion that the State could not require them to collect and remit use taxes on merchandise sold in Alabama, we can see that they could not very well afford to remit to the State use taxes collected on only a part of their sales in Alabama. But obviously, returning the tax collected to the salesman who had collected it was not payment to the State. We are unable to see the difference in holding appellants liable for uncollected use taxes and holding them liable for taxes collected but not remitted; hence there is no merit in Assignment of Error No. 16.

The consolidated decree of the trial court is affirmed.

Affirmed.

Court of Civil Appeals of Alabama.